UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JIHAD MAJID AHAD, | Case No. 2:16-CV-1791 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| BONNIE POLLEY, et al., | |
| Defendant(s). | |

Presently before the court is defendants Sherriff Joseph Lombardo and Bonnie Polley's ("defendants") motion for summary judgment. (ECF No. 31). Plaintiff Jihad Majid Ahad ("plaintiff") has not filed a response, and the time to do so has passed.

**I.  Background**

Plaintiff initiated this § 1983 prisoner's civil rights action on July 27, 2016. (ECF No. 1). On April 26, 2018, defendants filed a motion to compel discovery for plaintiff's failure to respond to defendants' interrogatories and requests for production after more than sixty (60) days past the deadline. (ECF No. 27). On May 16, 2018, Magistrate Judge Ferenbach granted defendants' motion and ordered plaintiff to respond to defendants' discovery requests no later than June 20, 2018. (ECF No. 28).

On May 24, 2018, defendants filed a motion to extend dispositive motion deadline, noting that plaintiff still had not responded to defendants' discovery requests.[1] (ECF No. 29). The next day, Magistrate Judge Ferenbach granted defendants' motion, finding that plaintiff had failed to

---

[1] Although the court set a deadline of June 20, 2018, for plaintiff to respond to defendants' discovery requests, motions to extend the dispositive motion deadline are due no later than 21 days before extension of the subject deadline. *See* LR 26-1.

participate in discovery despite defendants' correspondence with plaintiff apprising him of the situation and the court's order granting defendants' motion to compel. (ECF No. 30).

On July 23, 2018, defendants filed the instant motion for summary judgment. (ECF No. 31). On the same day, the court issued an order advising plaintiff of the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to defendants' motion for summary judgment.[2] (ECF No. 32). When plaintiff failed to file a response to defendants' motion, the court issued an order to show cause on October 11, 2018. (ECF No. 33). In its order, the court instructed plaintiff to show cause within fourteen (14) days from the date of the order why the court should not grant summary judgment in favor of defendants. *Id.* The court further warned that failure to respond may result in dismissal of the case for failure to prosecute. *Id.*

Since that time, plaintiff has failed to file a response or otherwise appear in this action. Accordingly, the court now considers the instant motion for summary judgment without the benefit of a response from plaintiff.

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would

---

[2] The order specified that plaintiff had twenty-one (21) from the date of the order to file and serve points and authorities in opposition to defendants' motion for summary judgment. (ECF No. 32).

**James C. Mahan**
**U.S. District Judge**

- 2 -

bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

Defendants argue that summary judgment in their favor is appropriate in light of plaintiff's total failure to participate in the discovery process. (ECF No. 31). Indeed, defendants conclude, plaintiff "has no evidence or other support for his [claims] but for his own self-serving, unsupported and uncorroborated allegations contained in his complaint." *Id.* at 6.

When considering a motion for summary judgment for failure to comply with filing deadlines, a district court is required to weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The court finds the *Ghazali* factors favor dismissal of plaintiff's complaint. *See* 46 F.3d at 54. Plaintiff's continuous failure to participate in his own case and abide by the court's orders strains the court's ability to manage its docket. *See id.* Furthermore, this prolonged delay prejudices defendants, who have made good faith attempts to encourage plaintiff to respond to their discovery requests. *See, e.g.,* (ECF No. 31-4).

Moreover, while the court recognizes the public policy favoring disposition of cases on their merits, the court finds there are no "less drastic sanctions" at its disposal in the instant matter. *See id.* Plaintiff has ignored defendants' requests for discovery, court orders instructing plaintiff to participate in discovery and respond to defendants' motion for summary judgment, and the court's warnings that this case may be dismissed for failure to prosecute. *See* (ECF Nos. 28, 30, 32, 33). Indeed, plaintiff has not appeared in this case at all since January 3, 2018. *See* (ECF No. 23).

Plaintiff has had multiple opportunities to demonstrate that he is still invested in prosecuting his case and has failed to do so. Thus, the court finds that the *Ghazali* factors weigh

**James C. Mahan**
**U.S. District Judge**

heavily in favor of dismissal of this action for failure to prosecute. *See* 46 F.3d at 54. Therefore, in light of the foregoing, the court will grant defendants' motion for summary judgment.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 31) be, and the same hereby is, GRANTED.

The clerk of court is instructed to close the case and enter judgment accordingly.

DATED December 10, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**